IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

FILED
MAR 1 2 2004
U.S. DISTRICT COURT
ELKINS WV 26241

CYNTHIA B. LAMB,
a Virginia resident,

    Plaintiff,

v.    CIVIL ACTION NO.: 2:04cv22

INTRAWEST RESORTS, INC., a Delaware
Corporation,

    Defendant.

## COMPLAINT

COMES NOW, the plaintiff, by counsel, for her complaint against the defendants and states as follows:

1. Cindy Lamb is a resident of the Commonwealth of Virginia, with her principal residence being 45 Ridge Pointe Lane, Fredericksburg, Virginia.

2. The defendant, Intrawest Resorts, Inc., is a Delaware Corporation with its principal place of business at 325 Lake Dillon Drive, Suite 205, Dillon, CO 80435.

3. This Court has proper venue and jurisdiction over this mater, pursuant to 28 USC §1332, based upon diversity, and an amount in controversy in excess of $75,000.00.

4. Venue is proper in this Court by virtue of 28 USC §1391.

### Factual Allegations

5. On or about March 16, 2002, Cynthia Lamb was engaged in the sport of tubing at the defendant's ski resort known as Snowshoe Mountain Resort.

6. On or about March 16, 2002, Cynthia Lamb was an invitee of the Defendant.

7. The conditions on the trail upon which Cynthia Lamb was tubing were unreasonable dangerous and hazardous.

8. The conditions of the trail upon which Cynthia Lamb was tubing should have been known or were known to the Defendant and his employees/agents to be unreasonably dangerous and hazardous.

9. Despite the fact that the Defendant knew that the conditions of the trail were unreasonably dangerous and hazardous, the Plaintiff was permitted to engage in the sport of tubing upon said trail.

10. While tubing on the trail that should have been known or was known by the defendant to be unreasonably dangerous and hazardous, Cynthia Lamb was thrown from the tubing device across two other trails and suffered serious kidney and other injuries.

11. The Snowtubing Acknowledgment of Risk and Agreement not to Sue executed by Cynthia Lamb and attached hereto as Exhibit A is void as against public policy and does not insulate this named Defendant from liability for the actions herein prosecuted which proximately caused the injuries of the Plaintiff, due to the nature and degree of unlawful conduct.

12. West Virginia Code §20-3A-1 *et seq.*, known as the Skiing Responsiblity Act, does not apply to the causes of action alleged below or the prosecution of any of the Plaintiff's claims related to this event.

## Count 1

13. The Plaintiff repeat and reallege by reference each and every allegation contained in paragraph one through twelve and incorporate the same herein as though fully set forth.

14. The Defendant's acts and/or omissions constituted indifference to the legal duty owed Cynthia Lamb and showed utter disregard amounting to complete neglect of the safety of

it's invitee.

15. The Defendant's gross negligence proximately caused the Plaintiff's injuries.

## Count II

16. The Plaintiff repeat and reallege by reference each and every allegation contained in paragraphs on through fifteen and incorporate the same herein as though fully set forth.

17. The acts and/or omissions of the Defendant were in reckless disregard of probable consequences and with willful recklessness.

18. Said willful and reckless acts and/or omissions were the proximate cause of the Plaintiff's injuries.

## Count III

19. The Plaintiff repeat and reallege by reference each and every allegation contained in paragraphs one through eighteen and incorporate the same herein as though fully set forth.

20. The acts of the Defendant breached the duty of due care owed to the Plaintiff.

21. Said negligence of the Defendant was the proximate cause of the Plaintiff's injuries.

## Count IV

22. The Plaintiff repeat and reallege by reference each and every allegation contained in paragraphs one through twenty-one and incorporate the same herein as though fully set forth.

23. At all times and places mentioned herein, the Defendant, through its agents, servants, employees, and/or representative, negligently and/or with reckless disregard to her safety allowed the Plaintiff to participate in the sport of tubing upon their property and with their equipment.

24. The Defendant failed to properly train and supervise its employees, servants,

agents, and/or representatives in maintenance and supervision of the trails upon which the sport of tubing is conducted.

25. The Defendant failed to establish and enforce procedures and regulations for its agents, servants, employees, and/or representatives for the maintenance and supervision of the trails upon which the sport of tubing is conducted.

26. The Defendant knew or had reason to know that the failure to supervise its agents, servants, employees, and/or representative in the maintenance and the supervision of the safety of the trails would result in individuals, including the plaintiff, being severely injured.

27. As a direct and proximate result of the Defendants aforementioned conduct the Plaintiff sustained injuries.

WHEREFORE, the Plaintiff demand judgment against the Defendant, for all losses and damages sustained, for loss of earnings, pain, suffering, emotional distress endured, punitive damages, together with judgment against the defendant for all medical expenses and other cost and expenses incurred, including reasonable attorney fees; and, for such other and further relief both general and special, as to this Court seems just and proper.

THE PLAINTIFF DEMANDS A TRIAL BY JURY.

                            CYNTHIA B. LAMB,
                            by counsel:

                            */s/ S. Monday*
                            James A. Varner, Sr. (State Bar No. 3853)
                            Debra T. Herron (State Bar No. 6501)
                            Stacy L. Monday (State Bar No. 9419)

                            McNeer, Highland, McMunn, and Varner
                            BB&T Bank Building
                            PO Drawer 2040
                            Clarksburg, WV 26302-2040
                            Telephone: (304) 626-1100
                            Fax: (304) 623-3035

McNeer, Highland, McMunn, & Varner
      Of Counsel